W. E. STUBBS,<br>
<em>Deputy Commissioner,</em>

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WILLIAM MOFFETT, PETITIONER, v. KEYSTONE TELEPHONE COMPANY OF PHILADELPHIA, RESPONDENT.

For the petitioner, *Harold W. Bennett.*

For the respondent, *Floyd H. Bradley.*

The above matter coming on for formal hearing before me and for decision, I hereby find and determine as follows:

\*    \*    \*    \*    \*    \*    \*

2. That the petitioner was employed by the respondent as a lineman for the period of about three years before the date of the accident hereinafter set forth, and his duties consisted of those of a lineman.

3. That the petitioner at the time of the injury received for his services wages amounting to $23.40 per week.

4. That on the 22d day of November, 1925, the petitioner sustained personal injuries as the result of an accident at Brown and Monmouth streets, Gloucseter city, Camden county; that the accident consisted of a fall by the petitioner from a height of about twenty feet from a line pole to the ground, when a guy wire forced open the buckle and snap of his safety belt; and that the accident arose out of and in the course of petitioner's employment.

5. That the respondent had actual knowledge of the occurrence of said injury.

6. That as a result of said injury it is admitted the petitioner sustained a fracture of a bone in the left elbow, a fracture of a small bone in the left wrist and a fracture of two small bones in the left foot, which said injuries were temporary in their nature and have cleared up in due course. The petition herein alleges that the petitioner was not able to resume his regular work again and that his permanent injury was an "extreme nervous condition." Several informal hearings were had before Harry F. Monroe, referee, and during part of which time the respondent had been unsuccessful in getting the petitioner to return to work although he was given very light duties. It was finally suggested by Referee Monroe, that the petitioner be examined by Dr. Fred C. Becker, a neurologist connected with the Cooper Hospital, in Camden. This examination was had by Dr. Becker in

May, 1926, and he found that the petitioner had no organic disease but was suffering from hysteria. Dr. Becker made a recommendation that the petitioner return to work, that his compensation cease and he be paid only for work he actually performed. This plan was tried but was not successful. It also appears that during the month of October, 1926, the petitioner was injured while working for the Alva Carpet and Rug Company, of Frankford, Pennsylvania, when he slipped or fell, thereby fracturing a rib. Dr. E. H. Thompson, of Philadelphia, treated the petitioner during the period of this injury, and while testifying at this trial, stated that he had known the petitioner and his father for years and was positive in his assertion that there was nothing the matter with the petitioner except he was suffering from "compensation neurosis." The testimony also shows that the petitioner worked for the respondent during some parts of the months of June, July, August and September, 1927, even after this petition was filed. At the further suggestion of Referee Monroe, the respondent had Dr. S. F. Gilpin, a neurologist of Philadelphia, examine the petitioner on February 10th, 1927. Dr. Gilpin found the petitioner had no organic disease but that his trouble was mental and his spells were hysteria. Both Dr. Gilpin and Dr. Becker made another examination during the hearing and their testimony at trial confirmed their respective findings of their previous examination. Dr. Ross H. Thompson, who testified on behalf of the petitioner, diagnosed his trouble as "traumatic neurosis plus something else," although he admitted that the petitioner had no symptoms peculiar to traumatic neurosis. The indefinite nature of this testimony convinces me that this last-named physician was mistaken in his diagnosis. The medical testimony leads me to conclude that neither at the date of the filing of this petition nor since, has the petitioner been suffering from any organic disease as a result of said accident.

7. From a careful study of all the evidence in this case, I have come to the conclusion that the petitioner is simulating the greater portion, if not all, of his alleged present condition. I am convinced that he is of a very highly nervous

type of man and possibly the accident which he suffered was in some degree a shock to his nervous system. There is very serious doubt in my mind whether the petitioner ever sustained any permanent disability as a result of this injury. It appears from the records, however, that the petitioner was on temporary disability for the period of twenty-eight and one-third weeks at $15.60 per week, and received from respondent a voluntary payment made in addition thereto and on account thereof of $166.40, and was also placed on six per cent. permanent disability amounting to thirty weeks at $15.60 per week, for which the doctors termed "psycho neurosis or hysterical condition," which period of permanent disability expired January 5th, 1927, but that he was carried on voluntary compensation by respondent until February 19th, 1927. I am of the opinion and find as a fact that the above temporary and permanent disability which the petitioner has heretofore received from the respondent fully compensates him for any and all disabilities that he may have suffered as a result of the said accident. I am therefore of the opinion that the petition filed by the petitioner herein should be dismissed.

\*　　\*　　\*　　\*　　\*　　\*　　\*

CHARLES E. CORBIN,
*Deputy Commissioner.*